## Abstract of the Decision.

1. BASTARDS, § 22*—*when evidence insufficient to sustain judgment against defendant.* Where in a bastardy case the defendant testified that the relatrix told him that just prior to their having sexual intercourse for the first time she went out automobile riding with a couple of fellows but did not remember just what happened during that time, and the relatrix admitted that she told the defendant that she had been out riding on that occasion but denied that she told him that something had happened to her or that she had been drinking, *held* that the doubtful character of the evidence adduced by the relatrix required the reversal of a judgment against the defendant.

2. BASTARDS, § 20*—*who has burden of proving paternity of child.* In a bastardy case the relatrix has the burden of establishing the paternity of the child by the greater weight of the evidence.

---

## E. H. Levinstein, Defendant in Error, v. D. J. Dalton, trading as Dalton Foundry Company, Plaintiff in Error.

### Gen. No. 21,487. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed. Opinion filed December 27, 1916.

## Statement of the Case.

Action by E. H. Levinstein, plaintiff, against. D. J. Dalton, trading as Dalton Foundry Company, defendant, on a written contract for commissions on orders secured by plaintiff for the defendant. To review a judgment for plaintiff for $184.72, defendant prosecutes a writ of error.

THOMAS J. STITT, for plaintiff in error.

OTTO L. KOLAR, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. ACCORD AND SATISFACTION, § 4*—*when cashing of check constitutes.* In an action for commissions on orders secured by plaintiff for the defendant where the plaintiff returned a check to the defendant, claiming that certain deductions for unprofitable orders had been improperly made by the latter, and the plaintiff cashed the check on its being returned to him by the defendant with a letter stating that such deductions were properly made, *held* that, the amount due being in dispute between the parties, the defendant's cashing of the check was an accord and satisfaction, although the plaintiff wrote the defendant that he had placed the amount to the defendant's credit on account.

2. CONTRACTS, § 377*—*what evidence admissible to show subsequent modifications.* In an action on a written contract for commissions on orders secured by plaintiff for the defendant, *held* that correspondence and conversations between the parties were properly admitted to show that the terms of the contract had subsequently been modified by verbal agreements.

3. APPEAL AND ERROR, § 450*—*when rulings on evidence not considered on appeal.* Error assigned on admission of evidence will not be considered on appeal in the absence of objection thereto in the trial court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.